J-S75013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAWN DIXSON | : | |
| | : | |
| Appellant | : | No. 1346 EDA 2018 |

Appeal from the PCRA Order March 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0608481-2005

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **Filed June 10, 2019**

Rashawn Dixson appeals from the order dismissing his third petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On April 29, 2005, Dixson was arrested and charged with murder, attempted murder, aggravated assault, and related offenses. The criminal complaint alleged Dixson shot at a moving vehicle with three occupants resulting in the death of the driver, James Stanford. On the eve of trial, Dixson agreed to plead guilty to third-degree murder and possessing an instrument of crime in exchange for an aggregate sentence of 22.5 to 45 years' imprisonment and the dismissal of his additional charges. The trial court sentenced Dixson pursuant to the terms of this agreement on September 20, 2006. While Dixson filed a post-sentence motion to withdraw his guilty plea, he did not file a direct appeal from the trial court's denial of this motion.

Instead, on November 14, 2006, Dixson filed his first *pro se* PCRA petition. Through this petition, Dixson alleged ineffectiveness of guilty plea counsel resulting in an unknowing and involuntary guilty plea. Following appointed counsel's filing of a **Finley**[1] "no merit" letter, the PCRA court denied Dixson's petition. A panel of this Court affirmed, **see Commonwealth v. Dixson**, 981 A.2d 309 (Pa. Super. 2009), and Dixson did not seek review with our Supreme Court. In 2015, Dixson's second PCRA petition was dismissed as untimely.

Dixson filed the instant *pro se* petition on December 29, 2016, alleging new evidence of actual innocence. Specifically, Dixson presented an affidavit from James Reed alleging that "word spread [in the days following the shooting] that during a shoot[-]out on Popular St[reet, that the victim's brother and passenger in the vehicle,] Eley [Jenkins] was so scared he tried to shoot back and shot his brother James [Stanford] in the head." PCRA Petition, 12/29/16, James Reed Affidavit, 9/9/16, at 2. Further, Reed averred that the other passenger in the vehicle, Darrell Brinkley, told him in late 2010 or early 2011 that Jenkins, not Dixson, had shot Stanford. **See id**. Despite these claims, the PCRA Court issued notice of its intent to dismiss Dixson's petition without a hearing pursuant to Pa.R.Crim.P. 907. This timely notice of appeal follows the PCRA court's subsequent dismissal of the petition.

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

Prior to reaching the merits of Dixson's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Dixson's judgment of sentence became final on October 20, 2006, when his time for seeking direct review with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3)(judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). His petition, filed more than nine years later, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Dixson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).[2] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Through his petition, Dixson claims he meets the "newly discovered evidence exception" to the PCRA's time bar. Specifically, Dixson claims the

---

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Dixson's claim of "newly discovered evidence" arose in September 2015, when he received information that an eyewitness claimed someone else committed the murder. Therefore, the amendment is inapplicable to Dixson's claim.

affidavit from James Reed constitutes newly discovered evidence for the purposes of meeting this exception. As Dixson alleged he filed the instant petition within the 60-day time constraint, he asserts the trial court erred in finding he failed to prove this exception to the PCRA's time bar.

However, our review of the record reveals that Dixson failed to file his petition within 60 days of when he could have first presented this claim. Through an affidavit attached to Dixson's response to the Commonwealth's motion to dismiss, Dixson admits that he learned of James Reed's claim during a telephone call with James King in September of 2015. **See** Affidavit of Rashawn Dixson, 2/19/18. In that phone conversation, King told Dixson that Jenkins, not Dixson, had shot and killed Stanford. **See id**. Dixson knew of this claim more than a year before he filed the instant PCRA petition on December 29, 2016. He therefore failed to timely file the petition under section 9545(b)(2).

Dixson contends that his receipt of Reed's affidavit on December 2, 2016, is the controlling date under section 9545(b)(2). We disagree. As of September 2015, Dixson was capable of filing a petition asserting that James King claimed Reed had heard from others that Dixson was not responsible for Stanford's death. While Dixson may be justifiably suspicious of the legal viability of this claim absent a supporting affidavit, as a matter of logic he knew of the underlying facts in September 2015. Reed's September 2016 affidavit is evidence of the same facts, not a new fact in itself.

If Dixson had filed his petition within 60 days of the September 2015 phone conversation, he would have been entitled to the appointment of an investigator to help him provide support for the claim. ***See Commonwealth v. Howard***, 719 A.2d 233, 241-242 (Pa. 1998). By using this process, Dixson would have preserved the timeliness of his petition while still obtaining Reed's affidavit.

As we conclude Dixson has failed to establish his facially untimely petition qualified for an exception to the PCRA's time-bar, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2019